IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GEORGE MATSON, | : | |
|---|---|---|
| Plaintiff | : | NO. 3:10-CV-631 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE CARLSON) |
| SCRANTON POLICE DEPARTMENT, et al., | : | FILED |
| Defendants | : | SCRANTON |
| | | JAN 18 2011 |

## MEMORANDUM AND ORDER

On March 23, 2010, Plaintiff, George Matson, filed a pro se civil complaint regarding an alleged assault that occurred in the booking area of the Scranton Police Department on October 27, 2008. (Doc. 1). On June 29, 2010, Defendants filed a motion to dismiss. (Doc. 13). On September 15, 2010, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted, but that Plaintiff be given an opportunity to amend his complaint to plead sufficient facts and address the deficiencies identified in the Report. (Doc. 20). On September 27, 2010, Plaintiff filed a letter-motion requesting an extension of time within which to file an amended complaint because he was being transferred to the State Correctional Institute ("SCI") in Graterford, Pennsylvania to begin classification. (Doc. 21). Because this Court had not determined whether Plaintiff should be allowed to amend his complaint and the only pending deadline was the time for which Plaintiff could file objections to the R&R, the letter-motion was construed as a request for additional time to file objections to the R&R and the time to file objections was extended until October 25, 2010. (Doc. 22). On October 7, 2010, this Order extending the deadline was returned from the Lackawanna County Prison as undeliverable mail. (Doc. 23) (stating, "inmate not at this

1

facility"). On October 29, 2010, the Order was resent to Plaintiff at SCI-Graterford.

As of December 3, 2010, Plaintiff had not filed objections to the R&R or any other motions for an extension. However, considering Plaintiff's pro se status, his earlier request for an enlargement of time, and the fact that the September 30, 2010, Order was not resent until after the new objection deadline had elapsed, this Court granted another extension. (Doc. 24). On December 13, 2010, this Order was returned to the Court from SCI-Graterford marked as undeliverable. (Doc. 25) (mail refused at the prison for failing to properly identify Plaintiff's commitment name and inmate number).

After this Court conducted an inmate search and located the Plaintiff at SCI-Greene, on December 14, 2010, an Order was entered extending the time for which Plaintiff may file objections to the Magistrate Judge's R&R until December 29, 2010 and the Order was mailed to Plaintiff's current address at SCI-Greene under his new inmate number, JS5934. (Doc. 26). Said Order has not been returned as undeliverable.

Ripe for consideration is Defendants' motion to dismiss (Doc. 13) and the R&R recommending that Defendants' motion be granted, but that Plaintiff be given an opportunity to amend his complaint to plead sufficient facts and address the deficiencies identified in the Report. (Doc. 20). To date, Plaintiff has failed to file objections to the Magistrate Judge's R&R. Further, considering Plaintiff's September 27, 2010 letter indicated he intended to file an amended complaint, it is determined that he has no objection to the R&R. After de novo review and for the reasons set forth below, the R&R will be adopted.

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to

which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

Despite no objections being filed, this Court will make a de novo review of the R&R on Defendants' motion to dismiss. In a brief in support of the motion to dismiss, Defendants argued that Plaintiff has failed to set forth a cause of action for malicious prosecution or for excessive force under the Eighth and Fourteenth Amendments, and that the Defendants are entitled to qualified immunity. (Doc. 14). In the R&R, the Magistrate Judge concluded "that Plaintiff's complaint is simply too abbreviated and vague to set forth a cognizable cause of action" and recommended that the Defendants' motion to dismiss be granted but that Plaintiff be granted leave to amend his complaint. (Doc. 20, n.2). Despite reading the complaint liberally in Plaintiff's favor, Magistrate Judge Carlson found that Plaintiff failed to allege a deprivation of liberty which is a necessary element for a malicious prosecution action, and that Plaintiff's claim

3

of excessive force which is "devoid of almost any detail," fails to contain a necessary allegation of injury. (Doc. 20). Further, the Magistrate Judge noted that by failing to file a responsive brief to Defendants' motion, Plaintiff has defaulted on a procedural deadline which has impeded on efforts to resolve this matter in a timely and fair fashion. (Doc. 20, p. 16).

After a review of the factual allegations of the Complaint which total three vague paragraphs, the motion to dismiss, the Report and Recommendation, and all other pleadings, it is determined that Plaintiff's complaint does not set forth a cause of action upon which relief can be granted. Considering that Plaintiff failed to file a responsive pleading to the motion to dismiss and failed to file objections to the R&R but filed a responsive letter asking for time to file an amended complaint, Magistrate Judge Carlson's recommendation will be accepted: the motion to dismiss will be granted without prejudice and Plaintiff will be given leave to file an amended complaint.

Date: January 18, 2011

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE MATSON,
    Plaintiff  :  NO. 3:10-CV-631

v.  : (JUDGE NEALON)
  : (MAGISTRATE JUDGE CARLSON)

SCRANTON POLICE DEPARTMENT, et al.,
    Defendants  :

## ORDER

ACCORDINGLY, THIS _18th_ DAY OF JANUARY, 2011, IT IS HEREBY

**ORDERED THAT**:

1. The Magistrate Judge's Report and Recommendation (Doc. 20) is **ADOPTED**;

2. Defendants' Motion to Dismiss (Doc. 13) is **GRANTED**;

3. The Plaintiff **SHALL** file an Amended Complaint within twenty (20) days of the date of this Order or the action will be closed; and

4. Any appeal of this decision will be deemed frivolous, lacking merit, and not taken in good faith.

                                                                 _____
                                                                 **United States District Judge**